UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LUIS ALBERTO DUTHILL,**

    **Plaintiff,**

                                      CASE NO. :  8:19-cv-00953-MSS-CPT

v.

**S.T.D ENTERPRISES, INC.
d/b/a SOIL TECH DISTRIBUTORS
OF TAMPA,**

    **Defendant.**
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LUIS ALBERTO DUTHILL, by and through undersigned counsel and with the written consent of Defendant pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby files his this amended complaint against Defendant, S.T.D ENTERPRISES, INC. d/b/a SOIL TECH DISTRIBUTORS OF TAMPA and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), and the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 et seq. for failure to pay overtime wages.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Polk County, Florida, and he worked in Hillsborough County, Florida.

5. Defendant operates a freight shipping and trucking company located in Tampa in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising and/or for attempting to exercise these same rights. In addition, Plaintiff seeks to recover damages under the FLSA for failure to pay him overtime.

7. Plaintiff was an employee of Defendant as defined under the FMLA as he worked at least 1250 hours in the 12 months preceding his termination from Defendant.

8. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. Defendant is a covered employer and Plaintiff is an employee as defined by the FLSA.

11. Plaintiff has satisfied all conditions precedent, or they have been waived.

12. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

13. Plaintiff requests a jury trial for all issues so triable.

## FACTS

14. Plaintiff began working for Defendant as a dispatcher in or around January 2018.

15. In 2018, Plaintiff suffered from a serious health condition within the meaning of the FMLA.

16. Specifically, Plaintiff has Berger's disease.

17. In or around September 2018, Plaintiff commenced dialysis to treat his serious health condition on a continuous basis, approximately 3 (three) days per week.

18. At or around this time, Plaintiff informed Defendant that he would need to receive dialysis treatment on a continuing basis and submitted proper medical documentation to Defendant in support of his serious health condition and need for treatment.

19. On or about November 9, 2018, Defendant verbally reprimanded Plaintiff for being off from work due to his serious health condition and the owner of the business told Plaintiff "I don't need a sick person."

20. Beginning in January 2019, Plaintiff was eligible for FMLA protected leave.

21. Defendant was aware that Plaintiff required FMLA protected leave in order to care for himself and his serious health condition.

22. In January 2019, Defendant failed to offer Plaintiff FMLA protected leave even though Plaintiff was eligible for such leave and Defendant had knowledge of Plaintiff's need for such leave.

23. On or about January 24, 2019, Defendant terminated Plaintiff's employment in violation of the FMLA.

24. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a gross weekly salary of eight hundred dollars ($800.00) per week.

25. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for all of his overtime hours at a rate equal to one and one-half times his regular hourly rate.

26. Defendant failed to pay Plaintiff an overtime premium for all of the hours that Plaintiff worked.

27. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FMLA INTERFERENCE

28. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as fully set forth herein.

29. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

30. By terminating Plaintiff's employment because Plaintiff required FMLA protected leave from work and not offering him FMLA leave, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

31. Defendant's actions were willful and done with malice.

32. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

33. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 23 of this Complaint, as fully set forth herein.

34. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

35. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

36. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating his employment.

37. Defendant's actions were willful and done with malice.

38. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Emotional distress damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT III – FLSA OVERTIME VIOLATION

39. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

40. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255 (a).

42. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c) An amount equal to Plaintiff's overtime damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaration that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    f) All costs and attorney's fees incurred in prosecuting these claims, and

    g) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 13th day of May, 2019.

                                                        Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 3360233602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@ wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of May, 2019, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to:

Fabian A. Ruiz
Rodolfo Gomez
Ford Harrison, LLP
One S.E. 3rd Street, Suite 2130
Miami, FL 33130
Email: fruiz@fordharrison.com
Email: rgomez@fordharrison.com

                                                   **LUIS A. CABASSA**