UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LUIS ALBERTO DUTHILL,**

    **Plaintiff,**

v.                                                       Case No: 8:19-cv-953-MSS-CPT

**S.T.D. ENTERPRISES, INC.,**

    **Defendant.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion to Approve Settlement and to Dismiss with Prejudice. (Dkt. 17) The Parties request that the Court approve their settlement of Plaintiff's claims, including his Fair Labor Standards Act claim, and dismiss the case with prejudice. (Id.)

A claim brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354–55.

Plaintiff was employed by Defendant as a dispatcher. (Dkt. 11 at ¶14) Plaintiff brings this action against Defendant for violating, inter alia, the FLSA by allegedly failing to pay him for overtime work. (Id. at ¶¶39–42) In response, Defendant denied Plaintiff's claim and asserted several defenses. (Dkt. 16) The Parties now represent that they have reached an agreement to resolve the dispute. (Dkt. 17 at ¶2)

In exchange for, inter alia, a release from all liability, Defendant has agreed to pay a settlement sum of $20,000.00, which includes: (a) $5,000.00 (less applicable payroll and tax withholding) to Plaintiff, (b) an additional $5,000.00 to Plaintiff, and (c) $10,000.00 to Plaintiff's counsel, Wenzel Fenton Cabassa P.A., for attorney's fees and costs, according to the disbursement plan outlined in paragraph 3 of the Settlement, Release and Non-Disclosure Agreement ("Settlement Agreement"). (Dkt. 17-1 at ¶3) The Parties agree that the settlement represents "a fair and reasonable settlement of the controversies involved in this case and comports with the policies underlying the FLSA." (Dkt. 17 at ¶4)

Upon review of the Settlement Agreement, the Court finds that, with the exception of the non-disclosure provision contained in Paragraph 7, the Parties' Agreement is fair and reasonable as it relates to Plaintiff's claim under the FLSA. "A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). "The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA." Id. at 1243. Therefore, the Court finds that the nondisclosure provision contained

in Paragraph 7 of the Parties' Settlement Agreement is unenforceable. Pursuant to the severability provision contained in Paragraph 13, the Court severs the nondisclosure provision from the Settlement Agreement and approves the remainder of the Settlement Agreement subject to the limitations set forth below in paragraph 4.

However, the Court's approval of this Settlement Agreement in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is hereby **ORDERED** that:

1. The Parties' Joint Motion to Approve Settlement and to Dismiss with Prejudice, (Dkt. 17), is **GRANTED, in part**.

2. The Settlement Agreement, (Dkt. 17-1), is **APPROVED** and shall **GOVERN** the Parties' conduct in settlement of this civil action, except as set forth below.

3. The Defendant shall disburse the gross settlement sum, including attorney's fees and costs as set forth herein and in paragraph 3 of the Settlement Agreement.

4. The nondisclosure provision contained in Paragraph 7 of the Parties' Settlement Agreement shall not be enforced and is stricken from the remainder of the Settlement Agreement.  The Settlement Agreement does not bind any party who is not named as a party in the Settlement Agreement or referenced as an assign, attorney, or successor to the named parties. The Settlement Agreement also does not bar any claim by any third-party that may be brought against either party to this action.

5. This case is **DISMISSED WITH PREJUDICE**. Each Party shall bear its own legal fees and costs, except as specified in the Parties' Release and Settlement Agreement.  **No retainer agreement between the Plaintiff and counsel shall override or alter the amount of settlement proceeds due to the Plaintiff in accordance with the terms of the settlement agreement as approved by this Order.   Counsel shall provide a copy of this order to their respective clients.**

6. The Court shall retain jurisdiction to enforce Defendant's obligation to make the payments to Plaintiff and his attorney required by the settlement agreement.

7. The **CLERK** is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of July, 2019.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

4